UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES FISHER,

      Plaintiff,

v.                                                          CASE NO. 3:22-cv-389-TJC-MCR

STATE OF FLORIDA and CIRCUIT
JUDGE STEVEN FAHLGREN,

      Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed

in District Court Without Prepaying Fees or Costs (Long Form)

("Application") (Doc. 2).   For the reasons stated herein, the undersigned

recommends that the Application be **DENIED** and the case be **DISMISSED**

**without prejudice**.

The Court may, upon a finding of indigency, authorize the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."   Fed.R.Civ.P. 72(b)(2).   "A party may respond to another party's objections within 14 days after being served with a copy." *Id.*   A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.   *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

commencement of an action without requiring the prepayment of costs, fees, or security.   28 U.S.C. § 1915(a)(1).   The Court's decision to grant *in forma pauperis* status is discretionary.   *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983).   While a litigant need not show that he is "absolutely destitute" to qualify for *pauper* status under Section 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."   *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

The undersigned has reviewed Plaintiff's Application and finds it to be deficient because it is illegible, internally inconsistent, and not notarized. (*See* Doc. 2.)   Although the Court would normally give Plaintiff an opportunity to file an amended, notarized Application or pay the appropriate filing fee, it would be futile to do so here, because Plaintiff's Complaint is due to be dismissed for the reasons stated below.

It is settled that even when a plaintiff is indigent, a court receiving an application to proceed *in forma pauperis* must dismiss the action *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).   In addition, the court must dismiss the action *sua sponte* if it "determines at any time that it lacks subject-matter jurisdiction."   Fed.R.Civ.P. 12(h)(3); *see also Blankenship v.*

*Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. Nov. 20, 2013) (per curiam)

(same); *Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15

(11th Cir. Jan. 19, 2010) (per curiam) ("[A] district court may *sua sponte*

consider whether it has subject matter jurisdiction over a plaintiff's claims.").

> Subject matter jurisdiction in a federal court may be based upon
> federal question jurisdiction or diversity jurisdiction.   28 U.S.C.
> §§ 1331, 1332.   Diversity jurisdiction exists where the plaintiffs
> and defendants are citizens of different states, and the amount in
> controversy exceeds $75,000. . . .   Absent diversity of citizenship,
> a plaintiff must present a substantial federal question in order to
> invoke the district court's jurisdiction.

*Walker*, 363 F. App'x at 15 (internal quotation marks omitted).

"The language of section 1915(e)(2)(B)(ii) tracks the language of

Federal Rule of Civil Procedure 12(b)(6)," and, therefore, courts apply the

same standard in both contexts.   *Mitchell v. Farcass*, 112 F.3d 1483, 1490

(11th Cir. 1997).   An action fails to state a claim on which relief may be

granted if it fails to include "a short and plain statement of the claim showing

that the pleader is entitled to relief."   *Harper v. Lawrence Cnty., Ala.*, 592

F.3d 1227 (11th Cir. 2010) (citing Fed.R.Civ.P. 8(a)(2), 12(b)(6)).   To show

entitlement to relief, Plaintiff must include a short and plain statement of

facts in support of his claims.   Fed.R.Civ.P. 8(a).   This statement of facts

must show the plausibility of Plaintiff's claim.   *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009).   "[L]abels and conclusions" are not enough to satisfy the

"plausibility" standard.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007).

Further, the pleadings of *pro se* litigants must be construed liberally and "are held to less stringent standards than formal pleadings drafted by lawyers."   *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curiam); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (stating that pleadings submitted by *pro se* parties "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed").   Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim.   *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

Here, the Complaint alleges that on March 28, 2022, a petition was filed against Plaintiff in state court, which included "nothing but lies."   (Doc. 1 at 3.)   Judge Fahlgren, who is Defendant in this action,[2] allegedly issued a temporary restraining order ("TRO") against Plaintiff.   (*Id.*)   Plaintiff notes that the state court petition was filed by a mentally unstable person who had not taken medication but, instead, had self-medicated with illegal street drugs.   (*Id.*)   The Complaint further alleges that Defendant is "guilty of criminal facilitation of perjury in an official proceeding."   (*Id.*)   As relief,

---

[2] Although the Complaint also names the "State of Florida" as a party Defendant, there are no allegations against the State of Florida aside from those asserted against Judge Fahlgren.

Plaintiff requests 500 million dollars in damages for undue stress; that Judge

Fahlgren be removed from his job because he is allegedly unable to properly

perform his job and comply with the law; and that the state court case be

dismissed with prejudice.   (*Id.* at 4.)   Plaintiff alleges that he is entitled to

relief on the following grounds: (1) Defendant is a circuit court judge who

knows the law and cannot use his job position to help break the law; and (2)

Defendant waived immunity by using his job/position to assist in the

commission of a third-degree felony.   (*Id.* at 5.)

Even when construed liberally, Plaintiff's Complaint is subject to

dismissal for failure to state a claim on which relief may be granted and/or

for seeking monetary relief against a defendant who is immune from such

relief.   The Complaint fails to state a claim on which relief may be granted,

because Judge Fahlgren is entitled to immunity from Plaintiff's claims.

Although the Complaint does not specify whether this action is brought

against Judge Fahlgren in his individual capacity or in his official capacity,

the outcome would be the same.

Assuming that Plaintiff is suing Judge Fahlgren in his official capacity,

the claims are barred by Eleventh Amendment immunity and should be

dismissed.   *See Price v. Stone*, No. 4:11-cv-40 CDL-MSH, 2011 WL 2791350,

*2 (M.D. Ga. May 3, 2011) (report and recommendation adopted by 2011 WL

2791958 (M.D. Ga. July 18, 2011)) ("A suit against a state official in his or

her official capacity is no different from a suit against the state, which fails

because of sovereign immunity.") (citing *Simmons v. Conger*, 86 F.3d 1080,

1085 (11th Cir. 1996)).

To the extent Plaintiff is suing Judge Fahlgren in his individual

capacity, the claims should also be dismissed because Defendant is entitled to

absolute judicial immunity.   "'[J]udicial immunity is an immunity from suit,

not just from ultimate assessment of damages.'"   *Price*, 2011 WL 2791350, at

*2 (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).   "Judges are entitled to

absolute judicial immunity from damages for those acts taken while they are

acting in their judicial capacity unless they acted in 'the clear absence of all

jurisdiction.'"   *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per

curiam).   "Whether an act by a judge is a judicial one relates to the nature of

the act itself, i.e., whether it is a function normally performed by a judge . . .

."   *Jarallah v. Simmons*, 191 F. App'x 918, 920 (11th Cir. 2006).   "A judge

will not be deprived of immunity because the action he took was in error, was

done maliciously, or was in excess of his authority; rather, he will be subject

to liability only when he has acted in the 'clear absence of all jurisdiction.'"

*Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).   "Judges are also

absolutely immune from suit when (1) the acts in question were performed

while he or she was dealing with the parties in his or her judicial capacity, (2)

the acts were of the sort normally performed by judicial officers and (3) the

6

judge's conduct did not fall clearly outside his subject matter jurisdiction."

*Mosley v. Awerbach*, No. 8:06 CV 592 T 27MSS, 2006 WL 2375050, *4 (M.D.

Fla. Aug. 15, 2006) (citing, *inter alia*, *Stump v. Sparkman*, 435 U.S. 349

(1978)).

Here, Judge Fahlgren was acting in his judicial capacity when he

issued a TRO against Plaintiff.   *See, e.g.*, *Wilson v. Bush*, 196 F. App'x 796,

799 (11th Cir. 2006) ("Entering a judgment or order is a quintessential

judicial function and immunity attached to it."); *Bussey v. Devane*, No. 13-cv-

3660(JS)(WDW), 2013 WL 4459059, *3 (E.D.N.Y. Aug. 16, 2013) ("Deciding

motions is certainly an act performed within a judge's 'judicial capacity' and

such determinations are undoubtedly entitled to absolute judicial

immunity.").   Further, Plaintiff has failed to allege that any action taken by

Judge Fahlgren was "taken in the absence of all jurisdiction, and the Court

fails to see how such an allegation would be supportable."   *Price*, 2011 WL

2791350, at *3.

Because Judge Fahlgren is absolutely immune from Plaintiff's claims,

the Complaint should be dismissed without prejudice for failure to state a

claim on which relief may be granted and/or for seeking monetary relief

against a defendant who is immune from such relief.[3]   *See Brewster v. Land,*

---

[3] Any claims against Judge Fahlgren for injunctive or declaratory relief
would also be barred.   *See Henderson v. Augusta Jud. Cir.*, No. CV 120-175, 2021

No. 4:21-cv-102 (LAG) (MSH), 2021 WL 3084916, *3 (M.D. Ga. July 21, 2021);

*Price*, 2011 WL 2791350, at *3; *Mosley*, 2006 WL 2375050, at *4 ("Plaintiffs'

IFP Motions seek leave to file a complaint which seeks monetary relief from

Defendants who are immune from such relief and, consequently, should be

denied as to any complaint which seeks relief against Defendants Judge Bray

and Judge Diskey.").

Although a *pro se* plaintiff is ordinarily given an opportunity to amend

his complaint out of an abundance of caution, it is clear in this case, even

when construing the allegations in the Complaint liberally, that permitting

Plaintiff to proceed *in forma pauperis* would be inappropriate, particularly in

light of his history of filing numerous, non-meritorious actions in this Court.[4]

---

WL 1216877, *2 (S.D. Ga. Mar. 4, 2021).  "For a Plaintiff to receive injunctive or declaratory relief, 'the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable.'"  *Id.* (quoting *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020)).  Also, there must be an "absence of an adequate remedy at law."  *Bolin*, 225 F.3d at 1242.  Plaintiff here does not allege a violation of a declaratory decree, that declaratory relief is otherwise unavailable, or that there is an absence of an adequate remedy at law.  Moreover, to the extent any injunctive or declaratory relief sought by Plaintiff would "interfere[] with the state court's judicial process, a federal court lacks jurisdiction and should abstain from interfering under the principles of *Younger v. Harris*, 401 U.S. 37 (1971)."  *Henderson*, 2021 WL 1216877, at *3.

[4] *See, e.g.*, *Fisher v. State of Fla.*, No. 3:21-cv-1069-HES-MCR (M.D. Fla. Oct. 27, 2021) (recommending dismissal of the complaint without prejudice for failure to state a claim on which relief may be granted and/or for seeking monetary relief against a defendant who is immune from such relief, because Judge Mobley was absolutely immune from Plaintiff's claims) (report and recommendation adopted on Nov. 17, 2021); *Fisher v. State of Fla.*, No. 3:18-cv-340-BJD-JBT (M.D. Fla. May 8, 2018) (recommending dismissal of the complaint without prejudice for failure to

*See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("Congress recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.   To prevent such abusive or captious litigation, § 1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis . . . .*").

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Application (**Doc. 2**) be **DENIED**.

2.      This action be **DISMISSED without prejudice**.

3.      The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on April 27, 2022.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

state a claim on which relief may be granted and failure to prosecute) (report and recommendation adopted on June 5, 2018); *Fisher v. State of Fla.*, No. 3:15-cv-1526-BJD-JRK (M.D. Fla. May 19, 2016) (recommending dismissal of the complaint without prejudice for failure to prosecute after noting that the complaint was frivolous) (report and recommendation adopted on June 23, 2016); *Fisher v. State of Fla.*, No. 3:15-cv-1356-MMH-MCR (M.D. Fla. Jan. 21, 2016) (recommending dismissal of the complaint, filed against the State of Florida and two judges, without prejudice based on several grounds) (report and recommendation adopted on Feb. 10, 2016).

Copies to:

The Hon. Timothy J. Corrigan
United States District Judge

*Pro Se* Plaintiff